For complainant: Arthur Cushing.

For respondent: Thomas L Marcaccio.

Thomas J. McGauley
vs.
Mildred P. Dana
} P. A. No. 1126.

January 14, 1932.

BLODGETT, P. J. Heard jury trial waived.

Appeal of Thomas J. McGauley from a decree of the Probate Court of Pawtucket allowing an amended final account of said McGauley entered in said Court January 23, 1929. In this final account, as amended, four items were disallowed, viz.: Broadway Storage Co. $8; Board, Room (James A. Crane) $60.00; Counsel fee, Thomas J. McGauley, $2,100.00; Jewelry, $1,745.00.

The account as amended left a balance in the hands of McGauley of $3,147.77. Under the amended account the fee of McGauley was cut from $2,100.00 to $700.00.

McGauley was appointed guardian of the person and estate of Mildred P. Davis (now Mildred P Dana) September 21, 1927, a person of full age.

The reasons of appeal allege the decree to be contrary to the law and the evidence.

At the hearing in this Court the sole dispute was as to the amount allowed the guardian for his services.

Shortly after the appointment of a guardian Mildred P. Davis, the ward, was committed to the State Institutions at Howard for observation and care and remained there, except for certain short periods of parole, until June, 1928, at which time the guardianship terminated. The guardian has presented an account showing the number of hours devoted by him to the management of the ward and of the estate. The summary of said account alleges a period of 258 hours and 50 minutes so spent. Before commitment to the State Institutions, Mildred P. Davis was confined at the Bates Sanitorium in Jamestown. September 26, 1927, the guardian removed his ward to Providence, whence she was sent to the State Institutions.

September 27 appears a charge for two and a half hours for an interview with ward at house of guardian in which guardian claims ward was intoxicated and that the interview took place between 2 and 3 o'clock at night.

After leaving the Bates Sanitorium the ward was sent to the State Institutions at Howard. There follow in the bill a large number of visits by the guardian to the State Institutions and an account of the time used. October 21, 22, 25, 29 and 31, eight hours were charged for visits to institution to confer as to the general welfare of his ward. Some 20 hours were charged for conferring with ward at institution November 4, 8, 11, 14, 15, 18 and 21, in regard to finding some occupation for said ward.

The ward was paroled from the State Institutions during December, 1927, but returned there in the latter part of the month. Pages 7 and 8 of the bill refer to numerous conferences with the ward, extending over a period from January 1, 1928 to June 22, 1928, at the institutions or guardian's office, covering some 106 hours. For this time alleged to have been used for services to the ward the guardian appears to have charged about $8 for each hour. His services began in September, 1927, and ended in June, 1928, about nine months.

The guardian's bill is made upon the theory that all these services were professional and required the services of a lawyer, and that the amount of time charged for each hour of the services of one trained in the law was a reasonable charge.

Most of the services rendered were not strictly legal services that required the employment of a member of the bar. Take, for instance, the conferences as to finding some occupation for the ward, entailing conferences over several days, and using up some twenty hours. To take such a length of time for such a purpose seems unreasonable and the charge for the same excessive.

Members of the Rhode Island Bar, two of them judges of probate, testified in behalf of the guardian and the ward. Their testimony ranged from $800 to $2,100 as a fair compensation, this fee of $2,100 being based upon a fair compensation for a member of the bar performing legal service.

To the mind of the Court some of the services performed were not strictly legal services, and some of the services unnecessary.

A guardian should be guided to some extent by the amount of the estate under his charge. The amount allowed by the Probate Court was made by a lawyer of well-known standing, who at that time was the judge of probate in Pawtucket, and is entitled to due consideration.

If we assume the guardian spent 259 hours altogether in managing the estate and for the care of the ward, the Court is of the opinion that $1,000 would be fair compensation.

Decree to this effect may be entered.

For appellant: Joseph C. Cawley.

For appellee: Grim, Littlefield & Eden.